UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

YVONNE BAILEY-LYNCH,

          Plaintiff,
v.                                       **DECISION AND ORDER**
                                            10-CV-8S

MID TOWN PROMOTIONS, INC.,

          Defendant.

      1.      On January 5, 2010, *pro se* plaintiff Yvonne Bailey-Lynch filed a Complaint in the Western District of New York claiming violations by Defendant Mid Town Promotions, Inc. ("Mid Town") of the Americans with Disabilities Act ("ADA"), 42 U.S.C §§ 12112-12117, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290-297.  Plaintiff alleges Defendant committed multiple acts of discrimination against her on the basis of age, race, color, and sex including termination of employment, failure to provide reasonable accommodations, sexual harassment, and retaliatory conduct.  Presently before this Court is Defendant's Motion to Dismiss.  For the following reasons, Defendant's Motion to Dismiss is granted in part and denied in part.

      2.      On March 10, 2010, Defendant filed a Motion to Dismiss Plaintiff's Complaint in its entirety, pursuant to Rule 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. (Docket No. 5.)  Along with its motion, Defendant filed a Memorandum of Law (Docket No. 6), as well as the Affidavit of Mark N. Reinharz, Esq. (Docket No. 7). Plaintiff responded by filing a Motion to Appoint Counsel (Docket No. 11) and a Response to

Defendant's motion (Docket No. 12) on May 27, 2010. This Court denied Plaintiff's Motion to Appoint Counsel (Docket No. 13) on June 8, 2010 and Defendant filed a Reply Memorandum (Docket No. 14) on June 15, 2010.

3.  For purposes of adjudicating the present motion, this Court assumes the truth of the following factual allegations contained in Plaintiff's Complaint.  See Sharkey v. Quarantillo, 541 F.3d 75, 83 (2d Cir. 2008); Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997). Plaintiff began working for Defendant on March 16, 2005. (Complaint ("Comp."), Docket No. 1, ¶ 4.) In June 2008, Plaintiff experienced the first allegedly discriminatory act, with other acts occurring in October 2008, and the last discriminatory act occurring on January 2, 2010. (Id. ¶¶ 5, 6, 7.) The nature of these incidents may be summarized as follows: Defendant fired Plaintiff after she refused to forge a paycheck, and after Plaintiff caught the Defendant stealing Plaintiff's sales. (Id. ¶¶ 13, 19.) Defendant also failed to promote Plaintiff the same as males and other white females. (Id. ¶ 19.) Finally, on January 2, 2010 Defendant refused to send her certain tax papers, despite having sent them the previous two years. (Id. ¶ 7.)

4.  Plaintiff commenced an action before the Equal Employment Opportunity Commission ("EEOC") in November 2008. (Id. ¶ 10.) On October 9, 2009, the EEOC concluded that Plaintiff was an independent contractor and that therefore the EEOC did not have jurisdiction over Plaintiff's claim. (See id. ¶ 18.) Plaintiff commenced the present action on January 5, 2010.

5.  Defendant argues that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Dismissal for lack of subject matter

jurisdiction under Rule 12(b)(1) is proper where a district court lacks the statutory or constitutional power to adjudicate it. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Plaintiff bears the burden of establishing that the district court has federal jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed.2d 351 (1992). In resolving a motion to dismiss for lack of subject matter jurisdiction, a court may consider affidavits and other evidence outside the pleadings, but it may not rely on conclusory or hearsay statements in such affidavits. J.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004), *cert denied*, 544 U.S. 968, 125 S. Ct. 1727, 161 L. Ed.2d 616 (2005).

6.  Defendant argues that this Court cannot hear Plaintiff's Title VII, ADEA, or ADA claims because Plaintiff was an independent contractor, rather than Defendant's employee. Plaintiff responds that it received unemployment insurance from Defendant, was reimbursed for various expenses, and did not otherwise have the freedom and independence of an independent contractor.

7.  By its terms, Title VII protects only "employees," which the statute defines as "an individual employed by an employer." 42 U.S.C. § 2000e(f). Similarly, the ADEA does not cover independent contractors. Frankel v. Bally, Inc., 987 F.2d 86, 89-90 (2d Cir. 1993). To determine whether an individual is an "employee" courts apply a fact-specific test involving thirteen factors. These include:

> (1) The hiring party's right to control the manner and means by which the product is accomplished; (2) the skill required; (3) the source of the instrumentalities and tools; (4) the location of the work; (5) the duration of the relationship between the parties; (6) whether the hiring party has the right to assign additional projects to the hired party; (7) the extent of the hired

      party's discretion over when and how long to work; (8) the method of payment; (9) the hired party's role in hiring and paying assistants; (10) whether the work is part of the regular business of the hiring party; (11) whether the hiring party is in business; (12) the provision of employee benefits; and (13) the tax treatment of the hired party.

Salamon v. Our Lady of Victory Hosp., 514 F.3d 217, 227 (2d Cir. 2008) (internal alterations omitted).

      8.     Here, although Plaintiff signed an independent contractor agreement, there remains a merit-based dispute concerning Plaintiff's employment status. Plaintiff contends that she was employed by the Defendant, (Comp. ¶ 4), provided Plaintiff with unemployment insurance (Comp. ¶ 7), was reimbursed for various expenses (Affidavit / Affirmation in Opposition of Motion ("Pl.'s Opp'n"), Docket No. 12, 14), did not have the ability to hire anyone she wished, (Id. at 15), and received W-2 forms, (Id. at 17.) In light of Plaintiff's assertions, dismissal would be premature because Plaintiff's status will turn on a highly fact-dependent inquiry involving multiple factors. Accordingly, this Court will not, at this time, dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

      9.     Defendant also argues that dismissal is proper pursuant to Rule 12(b)(6). Rule 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of the claim. Fed. R. Civ. P. 8(a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007). When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable

inferences in the plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007); Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.") "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 1945 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility is present when the factual content of the complaint allows for a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S. Ct. at 1949. The plausibility standard is not, however, a probability requirement; the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 1950; Fed. R. Civ. P. 8(a)(2). Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Furthermore, this Court is aware of the distinct disadvantage at which *pro se* litigants are placed, and recognizes that federal courts routinely read submissions by *pro se* litigants liberally, interpreting them to raise the strongest arguments they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

10.    Defendant argues that Plaintiff fails to satisfy Rule 8(a)(2)'s pleading standards. Specifically, Defendant argues that none of Plaintiff's allegations show that Defendant's actions were motivated by a discriminatory intent. Plaintiff responds with a

lengthy opposition, consisting largely of a handwritten line-by-line commentary of various documents that are not before this Court, including a letter from Ms. Maureen Kielt and Plaintiff's EEOC charge of discrimination.

11.     To establish a *prima facie* case of discrimination under the ADEA and Title VII, a plaintiff must show that (1) she belonged to a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent.  Terry v. Ashcroft, 336 F.3d 128, 137-38 (2d Cir. 2003).  A claim for retaliation also requires a plaintiff to show that "a retaliatory motive play[ed] a part in [the] adverse employment actions toward an employee, whether or not it was the sole cause." Id. at 140-141 (citing Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1039 (2d Cir. 1993)).

12.     Here, Plaintiff's complaint fails to specify conduct raising an inference of discriminatory conduct.  Although Plaintiff alleges that Defendant terminated her and failed to provide various documents relating to her taxes, Plaintiff's complaint alleges no facts indicating that Defendant's acts were motivated by a discriminatory intent.  The complaint itself shows that Plaintiff's termination may have been the result of her refusing to join Defendant's illicit conduct, rather than because of Plaintiff's race, age, sex, or disability. The only claim in Plaintiff's complaint that goes to a discriminatory intent, is the allegation that Defendant failed to promote her in the way male employees and white female employees were promoted.  Although an "employment discrimination claim[] need not contain specific facts establishing a *prima facie* case of discrimination," Gillman v. Inner City Broad. Corp., No. 08 Civ. 8909(LAP), 2009 WL 3003244, at *3 (S.D.N.Y. Sep. 18,

2009), a plaintiff's alleged facts must give Defendant fair notice of her claim and the grounds upon which it rests. Swierkiewics v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed.2d 1 (2002).  Here, it is unclear whether Plaintiff applied for, and was denied, a promotion, or whether Plaintiff expressed an interest in a promotion and was continually overlooked by Defendant. See Mauro v. S. N. Eng. Telecomms., Inc., 208 F.3d 384, 387 (2d Cir. 2000) (plaintiff alleging discriminatory failure to promote must have applied for position, unless plaintiff expressed interest in promotion and employer failed to post promotion opportunities); Billups v. Dent Wizard Int'l Corp., No. 05 Civ. 9356(DAB), 2010 WL 2541361, at *7 (S.D.N.Y. June 14, 2010) (plaintiff alleging failure to promote must do more than simply assert that she generally requested promotion).  The complaint does not specify who was promoted, or for what positions.  Plaintiff provides no details on her own qualifications for those positions or that she applied for them.  The assertion that these promotions were made on the basis of discriminatory grounds is, itself, wholly conclusory.  As a result, her claim cannot rise to the level of facial plausibility under Rule 8(a)(2).

13.     Plaintiff's response to Defendant's motion attempts to cure these deficiencies by including a host of additional factual allegations.  These look to be largely inherited from her discriminatory charge to the EEOC and, for the most part, do not relate back to the facts alleged in the complaint.  For example, Plaintiff asserts that when several black male co-workers were arrested, Defendant bailed them out.  (Pl.'s Opp'n 16.)  Details are also included on three individuals who Plaintiff alleges were similarly situated to Plaintiff, and experienced discriminatory or preferential treatment.  Bridget, a white female, enjoyed a preferential dating policy.  Sonja, a Hispanic female, was hassled and did not receive a check she was owed.  Michael, a black male, was yelled at and belittled in front of others.

No additional details are provided.  This Court is unclear how these additional facts relate to the allegations in the complaint.  The individuals do not appear to have been promoted, or denied promotion on the basis of their race or sex.  Nor do they appear related to Plaintiff's termination.

   14. Out of all these various charges, the one most relevant to Plaintiff's discrimination claim is Plaintiff's assertion that she was denied permission to attend a job-related trip to Ohio.  Apparently, Defendant organized a pair of work-related road trips to Ohio and Chicago.  Plaintiff was informed that she could not participate in the Ohio trip because there were no accommodations for women, when in fact a white female was allowed to go on the Chicago trip.  (Id. at 26.)  In connection with this Chicago trip, however, Plaintiff admits that she "never stated she was not allowed to attend Chicago trip (plaintiff declined)."  (Id. at 12.)  This suggests that Defendant, far from discriminating against black women, gave Plaintiff the opportunity to go on the Chicago trip.  Moreover, it appears that the woman who did receive permission was the girlfriend of one of the male workers authorized to go on the trip.  Consequently, this Court has difficulty interpreting Plaintiff's statements as asserting any potentially discriminatory behavior.  If Plaintiff declined to participate in the Chicago trip, then she was given the option of going.  See Gomez v. Pellicone, 986 F. Supp. 220, 229 (S.D.N.Y. 1997)  (racial discrimination claim undermined where plaintiff argued she was not allowed to bring son to work, but record showed other employees of same racial group did bring their children to work).  Alternatively, if the white female co-worker went only because she was in a relationship, then that woman may not be similarly situated to Plaintiff because, unlike Plaintiff, she could have shared a room with a male co-worker, her boyfriend.  See Billue v. Praxair, Inc.,

No. 3:05-cv-00170 (JCH), 2007 WL 1231841, at *4 (D. Conn. Apr. 26, 2007) (Plaintiff must show himself similarly situated in all material respects).  Of course this interpretive exercise assumes Plaintiff's claims regarding this road trip should be read into her complaint.  At no point, however, does the complaint make any reference to this sequence of events.  In fact, the road trips discussed in Plaintiff's response, are alleged to have occurred in June 2007, a full year before the earliest incident alleged in the complaint.  Accordingly, even considering Plaintiff's response, this Court cannot find that Plaintiff has satisfied the Rule 8 pleading requirements as to her Title VII and ADEA claims.

   15. Plaintiff also brings claims under the ADA.  Her response indicates that she was treated differently on account of being separated from her husband. (Pl.'s Opp'n 24.) To establish a *prima facie* case of discrimination under the ADA, a plaintiff must show that (1) she suffers from a disability within the meaning of the ADA; (2) her employer is subject to the ADA; (3) she could perform the essential functions of her job without reasonable accommodation; and (4) she was fired because of her disability.  Reeves v. Johnson Controls World Servs., Inc., 140 F.3d 144, 149-50 (2d Cir. 1998).  Besides stating no facts in her complaint even suggesting that Defendant was discriminating on the basis of age, this Court also notes that Plaintiff's complaint appears to drop the ADA claim entirely. Plaintiff initially identifies disability as one of the grounds on which Defendant discriminated, but then omits it from the list of discriminatory conduct.  (Comp. ¶ 14.) Plaintiff then, in response to various questions relating to her disabilities claim writes "NA." Given what appears to be Plaintiff's admission that she did not disclose her disability to her employer, did not ask for any accommodation, and does not charge Defendant with discriminatory conduct motivated by a disability, this Court will give no further consideration

to Plaintiff's ADA claims.

16.   Plaintiff also brings claims under the NYSHRL.  In the context of discriminatory promotion claims, Title VII's standards and those of the NYSHRL are in accord.  See Billups, 2010 WL 2541361, at *7.  As discussed below, because this Court is granting Plaintiff leave to file an amended complaint as to her Title VII claim, it need not address Plaintiff's NYSHRL claim at this time.

17.   Under Federal Rule of Civil Procedure 15(a)(2), courts may grant leave to amend when justice so requires.  Leave should be freely given, especially where, as here, Plaintiff is proceeding *pro se*.  Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988.) Plaintiff has abandoned her ADA claim, and Defendant's motion will be granted as to that claim.  Similarly, Defendant's motion will be granted as to Plaintiff's ADEA claim.  Plaintiff has alleged no facts, conclusory or otherwise, to suggest that Defendant was discriminating on the basis of age.  By contrast, Plaintiff has at least made a conclusory allegation that males and white females were given access to promotions unavailable to Plaintiff, preserving her Title VII and NYSHRL claims.  In light of Plaintiff's *pro se* status and the general liberality in allowing *pro se* parties leave to amend their pleadings, this Court finds it appropriate to grant Plaintiff leave to file an amended complaint as to her Title VII and NYSHRL claims only.  Plaintiff is forewarned that if she fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b).

. . .

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 5) is

GRANTED in part and DENIED in part;

FURTHER, that Plaintiff is granted leave to file an amended complaint as directed above by December 9, 2011; and

FURTHER, that in the event Plaintiff fails to file an amended complaint by December 9, 2011, the Clerk of the Court is directed to close this case as dismissed with prejudice.

SO ORDERED.

Dated:   October 30, 2011
Buffalo, New York

/s/William M. Skretny
William M. Skretny
Chief Judge
United States District Court
